# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO QUEZADA, | CASE NO. 1:09-cv-01856-LJO-GBC (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | (Doc. 27) |
| R. FISHER, et al., | |
| Defendants. | |
| _____ / | |

## I. Procedural History

Plaintiff Alvaro Quezada ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On January 4, 2012, the Magistrate Judge filed a Findings and Recommendations herein which recommended dismissing the action as duplicative based on finding that this action is proceeding on substantively identical issues to the second amended complaint that Plaintiff filed on June 1, 2009, in *Quezada v. Hedgpeth, et al.*, 1:08-cv-01404-FRZ. Doc. 13. On February 9, 2012, the Magistrate Judge granted Plaintiff's motion for a sixty day extension to respond to the findings and recommendations. Doc. 15. On March 12, 2012, the Magistrate Judge granted Plaintiff's second motion for a sixty day extension to respond to the findings and recommendations. Doc. 17. On May 16, 2012, the Magistrate Judge granted Plaintiff's third motion for a sixty day extension to respond to the findings and recommendations. Doc. 19. On June 7, 2012, Plaintiff filed a motion seeking a protective order

based on his belief that he was being denied access to the law library in retaliation for his providing legal advice to another inmate. Doc. 20. On July 25, 2012, Plaintiff filed a document titled "Addendum to Protective Order" in which Plaintiff also motions for a ninety-day extension of time in this action in addition to two addition actions. Doc. 21. On July 30, 2012, the Court adopted the findings and recommendations and noted that in addition to the action being duplicative, Plaintiff fails to state a claim. Doc. 22. August 10, 2012, Plaintiff filed a motion for reconsideration. Doc. 27.

## II.     Plaintiff's Motion for Reconsideration

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" *Corex Corp. v. United States*, 638 F.2d 119 (9th Cir. 1981); *accord LaFarge Conseils et Etudes, S.A. v. Kaiser Cement*, 791 F.2d 1334, 1338 (9th Cir. 1986). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" *Id*. When filing a motion for reconsideration, Local Rule 230(j)(3) & (4) requires a party to show the "new or different facts or circumstances are claimed to exist which did not exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion."

In his motion for reconsideration, Plaintiff argues that the Court erred in dismissing his action

without first resolving his pending motion for injunctive relief and allowing him to extend his time to follow through an untimely request to extend time embedded in a document titled "Addendum to Protective Order." Doc. 27.

Plaintiff fails to state a claim in this action and if he sought to address the shortcomings of his claims, he should have motioned to amend his complaint in *Quezada v. Hedgpeth, et al.*, 1:08-cv-01404-FRZ. Plaintiff's motion for injunctive relief to access the law library is not a substitute for a timely motion for extension of time. Plaintiff was granted sixty days from the date of service of the order filed on May 16, 2012. Doc. 19. Moreover, Plaintiff's Addendum filed on July 25, 2012, requesting a further extension of time was untimely. Doc. 21. Plaintiff fails to present any basis to justify reconsideration of this Court's order dismissing Plaintiff's action.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds its order dismissing the action was supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that: Plaintiff's motion for reconsideration, filed August 10, 2012, is DENIED.

IT IS SO ORDERED.

**Dated:  October 12, 2012**             /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE