UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARA QUEZADA,<br><br>      Plaintiff,<br><br>  v.<br><br>FISHER, et al.,<br><br>      Defendants. | Case No.: 1:09-cv-01856-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)<br><br>(ECF No. 76)<br><br>FOURTEEN-DAY DEADLINE |

**FINDINGS AND RECOMMENDATION**

**I.   Introduction**

Plaintiff Alvaro Quezada ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action currently proceeds against Defendants Fisher, Jose, Doria, Scott and Ortiz for violation of the Fourteenth Amendment to the United States Constitution. Defendants Fisher, Scott, Ortiz and Jose filed a motion for summary judgment in this matter on April 24, 2015, (ECF No. 54), and Defendant Doria joined in that motion on July 21, 2015, (ECF No. 63).

On November 23, 2015, Plaintiff filed a notice of voluntary dismissal with prejudice, pursuant to Fed. R. Civ. P. 41(a)(2). (ECF No. 76.) In his filing, Plaintiff states that seeks to have his entire suit

against all Defendants dismissed with prejudice. Plaintiff wishes for the dismissal not to "adversely affect plaintiff in any way and/or will not count as a 'Strike' pursuant to 1915(g)." (Id. at 1.)

## II.     Discussion

Under Federal Rule of Civil Procedure 41(a)(2), a plaintiff may request dismissal after an opposing party has served a motion for summary judgment "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "A motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) should be granted unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal." Hepp v. Conoco, Inc., 97 F. App'x 124, 125 (9th Cir. 2004) (citations omitted). "Legal prejudice is prejudice to 'some legal interest, some legal claim, [or] some legal argument.'" Maxum Indem. Ins. Co. v. A-1 All Am. Roofing Co., 299 F. App'x 664, 666 (9th Cir. 2008) (quoting Westlands Water Dist. V. United States, 100 F.3d 94, 97 (9th Cir. 1996)).

Since Plaintiff requests a dismissal with prejudice, such that he can never reassert these claims in another federal suit, there will be no legal prejudice to the Defendants in granting the dismissal. See California Sportfishing Prot. All. v. Matheson Tri-Gas, Inc., No. 2:11-CV-01456-MCE, 2013 WL 687041, at *2 (E.D. Cal. Feb. 25, 2013) (quoting Chavez v. Northland Group, No. CV-09-2521-PHX-LOA, 2011 WL 317482, at *4 (D. Az. 2011)). Furthermore, "in the absence of any live controversy given Plaintiff's offer to dismiss with prejudice, an adjudication on the merits would amount to no more than the kind of advisory opinion" which the courts must avoid. Id. Consequently, the district court should grant Plaintiff's requested dismissal with prejudice.

As to Plaintiff's concern regarding whether the dismissal will be considered a "strike" under 28 U.S.C. § 1915(g), since this would not be a dismissal on the grounds that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted, that section would not be implicated.

## III.    Conclusion and Recommendation

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1.     Plaintiff's motion to voluntarily dismiss this action against all Defendants, with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2), (ECF No. 76), be GRANTED; and

2. That the district court terminate all pending motions and close the case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 4, 2015**         /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE

3